UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3-16-CR-254 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| DAVID D. KLEPADLO and | : | (ELECTRONICALLY FILED) |
| DAVID D. KLEPADLO & | : | |
| ASSOCIATES, INC., | : | |
| Defendants | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendants. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania. Any reference to the defendants shall mean David D. Klepadlo in his individual capacity, and David D. Klepadlo in his capacity as owner, operator, president, and responsible officer of David D. Klepadlo & Associates, Inc.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendants agree to plead guilty to Counts 4 and 16 of the Indictment. Count 4 charges the defendants with a

violation of Title 33, United States Code, Section 1319(c)(4), False

Statements in Violation of the Clean Water Act. The maximum penalty

for that offense is imprisonment for a period of 2 years, a maximum fine

of $10,000, a maximum term of supervised release of 1 year to be

determined by the court, which shall be served at the conclusion of and

in addition to any term of imprisonment, as well as the costs of

prosecution, imprisonment, probation, or supervised release ordered,

denial of certain federal benefits, and an assessment in the amount of

$100. Count 16 charges the defendants with a violation of Title 18,

United States Code, Section 1512(c)(2), Tampering with a Witness. The

maximum penalty for that offense is imprisonment for a period of 20

years, a fine of $250,000, a maximum term of supervised release of 3

year to be determined by the court, which shall be served at the

conclusion or and in addition to any term of imprisonment, as well as

the costs of prosecution, imprisonment, probation, or supervised release

ordered, denial of certain federal benefits, and an assessment in the

amount of $100. At the time the guilty plea is entered, the defendants

shall admit to the court that the defendants are, in fact, guilty of the

2

offense(s) charged in Counts 4 and 16. At sentencing, the United States will move for dismissal of any remaining counts. The defendants agree, however, that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event the charge(s) to which the defendants plead guilty pursuant to this Agreement subsequently are vacated, set aside, or invalidated by the district court or appellate court. The defendants further agree to waive any defenses to reinstatement of those charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendants' signing of this Plea Agreement.

2. <u>Term of Supervised Release</u>. The defendants understand that the court must impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The court may require a term of supervised release in any other case. In addition, the defendants understand that as a condition of any term of supervised release or probation, the court must order

that the defendants cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3. <u>Maximum Sentence – Multiple Counts</u>. The defendants understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is, 22 years in prison and/or fines totaling $260,000, 3 years of supervised release, the costs of prosecution, denial of certain federal benefits and an assessment totaling $200.

4. <u>No Further Prosecution</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendants directly arising out of the defendants' involvement in the offense(s) described above.

**B.    Fines and Assessments**

5. <u>Fine</u>. The defendants understand that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendants acknowledge that willful failure to pay the fine may subject the defendants to

4

additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

6.   Alternative Fine.  The defendants understand that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7.   Inmate Financial Responsibility Program.  If the court orders a fine or restitution as part of the defendants' sentence, and the sentence includes a term of imprisonment, the defendants agree to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendants' prison salary, and up to 50% of the balance of the defendants' inmate account, and apply that amount on the defendants' behalf to the payment of the outstanding fine and restitution orders.

8.   Special Assessment.  The defendants understands that the court will impose a special assessment of $200, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendants or defendants' counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendants intentionally fail to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9.   Collection of Financial Obligations.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendants consent and agree:

a.   to fully disclose all assets in which the defendants have an interest or over which the defendants have control, directly or indirectly, including those held by a spouse, nominee, or other third party;

b. to submit to interviews by the Government regarding the defendants' financial status;

c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d. whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendants' financial status;

e. to authorize the Government to obtain the defendants' credit reports in order to evaluate the defendants' ability to satisfy any financial obligations imposed by the court; and

f. to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C.  Sentencing Guidelines Calculation

10.  <u>Determination of Sentencing Guidelines.</u>  The defendants and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendants are pleading guilty.  The defendants further agree that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendants' conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

11.  <u>Acceptance of Responsibility– [Two/Three] Levels.</u>  If the defendants can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will exercise its discretion and recommend that the defendants receive a two [three]-level reduction in

8

the defendants' offense level for acceptance of responsibility. The failure of the court to find that the defendants are entitled to a two [three]-level reduction shall not be a basis to void this Plea Agreement.

D.  **Sentencing Recommendation**

12.  Appropriate Sentence Recommendation.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendants' participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

13.  Special Conditions of Probation/Supervised Release.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

      a.  The defendants be prohibited from possessing a firearm or other dangerous weapon.

b. The defendants make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

c. The defendants pay any fine imposed in accordance with a schedule to be determined by the court.

d. The defendants be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendants are in compliance with the payment schedule.

e. The defendants be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f. The defendants be confined in a community treatment center, halfway house, or similar facility.

g. The defendants be placed under home confinement.

h. The defendants be ordered to perform community service.

i. The defendants be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

14. <u>Destruction Order/Waivers.</u> The defendants further agree, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation. The Government agrees that all original documents related to the operation and management of the wastewater treatment plants involved herein and seized during the course of the investigation will be returned to the appropriate operators/managers of said plants. The defendants agree that all other items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendants and defendants' counsel hereby concur in a motion for such an order. The defendants further agree to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendants consent and waive all rights to compliance by the United States with

11

any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendants are hereby withdrawn. The defendants agree to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

## E. Restitution

15. Victims' Rights. The defendants understand that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

  a. The right to be reasonably protected from the accused;

  b. The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

12

c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d. The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding. The defendants understand that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e. The reasonable right to confer with the attorney for the Government in the case. The defendants understand that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.   The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendants including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g.   The right to proceedings free from unreasonable delay; and

h.   The right to be treated with fairness and with respect for the victim's dignity and privacy.

16.   <u>Restitution</u>. The defendants acknowledge that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, and to the extent applicable, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendants' conduct. The defendants also agree that the Government will seek and the court may

14

impose an order of restitution as to victims of the defendants' relevant conduct. With respect to the payment of restitution, the defendants further agree that, as part of the sentence in this matter, the defendants shall be responsible for making payment of restitution in full, unless the defendants can demonstrate to the satisfaction of the court that the defendants' economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendants will be required to make partial restitution payments. In addition to the schedule of payments that may be established by the court, the defendants understand and agree that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of Federal Crime are entitled to full and timely restitution. As such, these payments do not preclude the government from using other assets or income of the defendants to satisfy the restitution obligation. The defendants understand and agree that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury

Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion. Although the defendants may reserve the right to contest the amount of restitution owed, the defendants agree to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal and to the extent applicable, the defendants agree to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the court to be due and owing at the time of sentencing in this matter. The defendants understand that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different from the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

17. <u>Full Restitution</u>. The defendants agrees to make full restitution, to the extent applicable, in accordance with a schedule to be determined by the court.

**F.  Information Provided to Court and Probation Office**

18.  Background Information for Probation Office. The defendants understand that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendants' background, character, cooperation, if any, and involvement in this or other offenses.

19.  Objections to Pre-Sentence Report. The defendants understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendants must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the report. The defendants agree to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer

17

for inclusion in an addendum to the pre-sentence report. The defendants agree that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendants to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

20. <u>Relevant Sentencing Information</u>. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information about the defendants' background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendants' cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendants to fulfill any obligation under this Agreement.

21. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendants.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendants' conduct, including but not limited to, requests for information concerning possible sentencing departures.

**G.   Court Not Bound by Plea Agreement**

22. <u>Court Not Bound by Terms</u>.  The defendants understand that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties.  Thus, the court is free to impose upon the defendants any sentence up to and including the maximum sentence of imprisonment for 22 years, a fine of $260,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment,

the costs of prosecution, denial of certain federal benefits, and assessments totaling $200.

23.  <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the court imposes a sentence with which the defendants are dissatisfied, the defendants will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendants be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

## H.  <u>Breach of Plea Agreement by Defendants</u>

24.  <u>Breach of Agreement</u>.  In the event the United States believes the defendants have failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether the defendants have completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendants shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the

20

evidence. In order to establish any breach by the defendants, the United States is entitled to rely on statements and evidence given by the defendants during the cooperation phase of this Agreement, if any.

25.  <u>Remedies for Breach</u>. The defendants and the United States agree that in the event the court concludes that the defendants have breached the Agreement:

    a.  The defendants will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

    b.  The United States will be free to make any recommendations to the court regarding sentencing in this case;

    c.  Any evidence or statements made by the defendants during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

    d.  The United States will be free to bring any other charges it has against the defendants, including any charges originally brought against the defendants or

21

which may have been under investigation at the time
of the plea.  The defendants waive and hereby agree
not to raise any defense to the reinstatement of these
charges based upon collateral estoppel, Double
Jeopardy, or other similar grounds.

26.  <u>Violation of Law While Plea or Sentence Pending</u>.  The
defendants understand that it is a condition of this Plea Agreement
that the defendants refrain from any further violations of state, local, or
federal law while awaiting plea and sentencing under this Agreement.
The defendants acknowledge and agree that if the government receives
information that the defendants have committed new crimes while
awaiting plea or sentencing in this case, the government may petition
the court and, if the court finds by a preponderance of the evidence that
the defendants have committed any other criminal offense while
awaiting plea or sentencing, the Government shall be free at its sole
election to either:  (a) withdraw from this Agreement; or (b) make any
sentencing recommendations to the court that it deems appropriate.
The defendants further understand and agree that, if the court finds

that the defendants have committed any other offense while awaiting plea or sentencing, the defendants will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendants.

## I. Licensing, Resignation, and Disbarment

27. <u>Status of Professional License</u>. It is further understood and agreed that the status of any professional license held by the defendants is not protected by this Agreement and is a matter solely within the discretion of the appropriate licensing authority. The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

## J. Deportation

28. <u>Deportation/Removal from the United States</u>. The defendants understand that, if defendants are not United States citizens, deportation/removal from the United States is a possible consequence of this plea. The defendants further agree that this matter has been discussed with counsel who has explained the immigration

consequences of this plea. Defendants still desires to enter into this plea after having been so advised.

### K. Appeal Waiver – Direct Appeal

29. Appeal Waiver – Direct. The defendants are aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendants knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendants further acknowledge that this appeal waiver is binding only upon the defendants and that the United States retains its right to appeal in this case.

## L.    Other Provisions

30.    Agreement Not Binding on Other Agencies.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

31.    No Civil Claims or Suits.  The defendants agree not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendants, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendants' guilty plea in this matter the defendants further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

32.    Plea Agreement Serves Ends of Justice.  The United States is entering into this Plea Agreement with the defendants because this disposition of the matter fairly and adequately addresses the gravity of

the series of offenses from which the charges are drawn, as well as the defendants' role in such offenses, thereby serving the ends of justice.

33. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendants in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendants in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendants certify that the defendants' plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

34. <u>Defendants Are Satisfied with Assistance of Counsel</u>. The defendants agree that the defendants have discussed this case and this plea agreement in detail with the defendants' attorney who has advised

the defendants of the defendants' Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendants agree that the defendants are satisfied with the legal services and advice provided to the defendants by the defendants' attorney.

35. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendants and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., August 10, 2018, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

36. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendants and

defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

Date: 8/24/18

David D. Klepadlo, Individually
and David D. Klepadlo as President
and authorized representative of
David D. Klepadlo and Associates, Inc.

I am the defendants' counsel. I have carefully reviewed every part of this agreement with the defendants. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 8/27/18

Mark Sheppard, Esquire
Counsel for David D. Klepadlo,
Individually and David D.
Klepadlo as President and authorized
representative of David D. Klepadlo
and Associates, Inc.

DAVID J. FREED
United States Attorney

Date: 9/6/18          By: _Michelle Olshefski_

Michelle Olshefski
Assistant United States Attorney